UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Antania Clark,<br><br>　　　　Plaintiff<br><br>v.<br><br>Octapharma Plasma, Inc.,<br><br>　　　　Defendant. | Case No.:  2:15-cv-03283-DCN-MGB<br><br>**COMPLAINT**<br>(Jury Trial Requested) |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981, have occurred or been complied with.

    a. A charge of employment discrimination on basis of gender and sexual harassment and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the Equal Employment Opportunity Commission on or about May 27, 2015.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Antania Clark, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Charleston State of South Carolina.

5. Defendant, Octapharma Plasma, Inc., (hereinafter referred to as "Octapharma"), upon information and belief, a Delaware corporation operating under the laws of the State of South Carolina and does business in Charleston County.

6. Defendant Company, is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant Company, is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant Company employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about May 2009, Plaintiff, an African American female, began working for Defendant, Octapharma Plasma, Inc. (hereinafter "Octapharma" or "Defendant").

11. The Plaintiff was subjected to sexual harassment by Defendant supervisor Toby House, a Caucasian male, beginning on or about January, 2014.

12. On or about January 2014, Mr. House told the Plaintiff that she could "run a prostitution ring" and was always staring at the Plaintiff's breasts. Linda Bombard, a nurse at Defendant Company, witnessed the comments and inappropriate staring.

13. On or about March 2014, Mr. House saw the Plaintiff's step-daughter and commented that "it sucks… she looks good… she's sixteen (16)".

14. The Plaintiff was continually subjected to Mr. House's inappropriate comments about his life overseas where he could see "hookers in nighties" at all times.

15. Plaintiff reported the sexual harassment to regional director Julie Guidry, beginning on or about February, 2014.

16. The Plaintiff was subjected to racial discrimination by Defendant supervisor Toby House beginning on or about January, 2014.

17. Mr. House told the Plaintiff that because he was from Texas, he didn't like "ghetto people like her".

18. On or about June 4, 2014, the Plaintiff continued to report the inappropriate behavior and discrimination to Julie Guidry.

19. On or about March 2014, the Defendants received a shipment of plasma. The Plaintiff noticed that some of the bottles were unaccounted for. Defendant manager Toby House printed off a false report. The Plaintiff reported the incidents to upper management.

20. On or about March 2014, Mr. House retaliated against the Plaintiff and sent out her shipment with incorrect reports.

21. On or about April 2014, the Plaintiff noticed that Mr. House was again printing false reports for unaccounted product. Plaintiff again reported the incident to upper management.

22. On or about April 2014, Mr. House attempted to further retaliate against the Plaintiff by getting her to sign off on another incorrect shipment. When the Plaintiff refused, Mr. House reprimanded her.

23. On or about June 4, 2014, the Plaintiff continued to report the inappropriate behavior and discrimination to Julie Guidry.

24. Plaintiff continued to be sexually harassed, discriminated against and retaliated against by Mr. House until her termination on July 1, 2014.

25. It was the duty of Defendant Company, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

26. Despite her reporting the behavior, Defendant Company did not take appropriate action to resolve the problems and disciplined the Plaintiff for Mr. House's inappropriate behavior upon her.

27. That the unjust disciplinary actions and termination of Plaintiff with Defendant Company was the response by Defendant Company, its agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. House including racial discrimination and sexual harassment.

28. That the aforesaid conduct of Defendant Company, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e et seq.)

29. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

**FOR A FIRST CAUSE OF ACTION**
**(Sexual Harassment Title VII Of Civil Rights Act Of 1964)**

30. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

31. Defendant Company, as Plaintiff and Mr. House's employer, was wanton and intentional in the harassment of the Plaintiff in the following particulars, to wit:

    a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

    b. In continually allowing Mr. House to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner.

    c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

32. That by reason of the aforesaid recklessness of Defendant, Plaintiff has suffered mental injuries.

33. The Defendants violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e et seq.), 46 ALR Fed 224 by retaliating against Plaintiff and allowing a hostile work environment to exist regarding sexual harassment in the workplace.

34. That the unjust disciplinary actions and termination of Plaintiff's with Defendant Company was the response by Defendant Company, its agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Randy Tennant including sexual harassment.

35. That the aforesaid conduct of Defendant Company, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

36. As a direct and proximate result of the acts and practices of Defendant in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### (Gender Discrimination Title VII Of Civil Rights Act Of 1964)

37. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

38. Plaintiff is a member of a protected group on the basis of her sex and gender. Plaintiff was discriminated against and denied a job due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

39. Plaintiff asserts that the preferential treatment was a mere pretext for the discrimination against Plaintiff based on her gender and sex (female).

40. Defendant Company was wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff due to her sex and gender (female);

    b. In discharging Plaintiff due to her sex and gender (female) and in retaliation for Plaintiff filing reports of the discriminations and inappropriate behaviors.

41. That in failing to protect Plaintiff from sex and/or gender discrimination, or preferential treatment, Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e et seq.), Equal Pay Act, the South Carolina Human Affairs Law and Equal Employment Opportunity Act.

42. Defendant company violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e et seq.), by allowing the sex and/or gender discrimination and preferential treatment to exist in the workplace.

43. As a direct and proximate result of Defendant's discrimination on the basis of sex and/or gender, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

44. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

45. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of the employment discrimination as alleged above.

46. That the unjust disciplinary actions and termination of Plaintiff's with Defendant Company was the response by Defendant Company, its agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Randy Tennant including sexual harassment.

47. That the aforesaid conduct of Defendant Company, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

48. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

49. Due to the acts of Defendants, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### (Racial Discrimination - Title VII)

50. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

51. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and terminated based on her race, color or national origin in violation of 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

52. Defendant was reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff due to her race, color or national origin;

    b. In showing preferential treatment to white employees and detrimental treatment to Plaintiff; and

    c. In discharging Plaintiff due to her race, color or national origin and in retaliation for filing reports of the discriminations and inappropriate behaviors.

53. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

54. Defendant violated 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

55. That the aforesaid conduct of Defendant Company, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

56. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain

and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

57. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, color or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

58. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

59. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

60. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A FOURTH CAUSE OF ACTION
### (South Carolina's Whistleblower Protection Act)

61. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

62. The Defendant is a "public body" as defined by the Code of Laws of South Carolina, §8-27-10(1), as amended, in that they are a department of the State; a state board, commission, committee, agency, or authority; a public governmental body or political subdivision of the State, including counties, municipalities, school districts or special purpose or public service districts; an organization, corporation, or agency supported in whole or in part by public funds or expending public funds; or a quasi-governmental body of the State and its political subdivisions.

63. The Plaintiff is an "employee" as defined by the Code of Laws of South Carolina, §8-27-10(2), as amended, in that she is an employee of a department of the State; a state board, commission, committee, agency, or authority; a public governmental body or political subdivision of the State, including counties, municipalities, school districts or special purpose or public service districts; an organization, corporation, or agency supported in whole or in part by public funds or expending public funds; or a quasi-governmental body of the State and its political subdivisions.

64. The Plaintiff is guaranteed the opportunity to maintain employment without retaliation for filing a report of wrongdoing; disciplinary action for unfounded or bad faith report or mere technical violation; reward for report resulting in savings; State Employee Suggestion Program not superseded as defined by the Code of Laws of South Carolina, §8-27-20, §8-27-30, §8-27-40 and §8-27-50 as amended.

65. The Plaintiff has exhausted all available grievance or other administrative remedies; and all previous proceedings have resulted in a finding that the Plaintiff would not have been disciplined but for the reports of wrongdoings to the Defendants.

66. The Defendants have retaliated against the Plaintiff, an "employee," for making reports of wrongdoings to the Defendants as prohibited by the Code of Laws of South Carolina, §8-27-20, §8-27-30, §8-27-40 and §8-27-50 as amended by creating a hostile work environment for the Plaintiff with the Defendants and ultimately terminating the Plaintiff's employment with the Defendants.

67. The Defendants' termination, preferential treatment and inappropriate behaviors as set forth aforesaid constituted retaliation against the Plaintiff due to her reports of wrongdoings.

68. Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include reinstatement to her former position, lost wages, actual damages not to exceed fifteen thousand dollars ($15,000.00) and reasonable attorney fees as determined by the Court not to exceed ten thousand dollars ($10,000.00) for any trial and five thousand dollars ($5,000.00) for any appeal.

## FOR A FIFTH CAUSE OF ACTION
### (Wrongful Discharge In Violation Of Public Policy)

69. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

70. That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant was the response of the Defendant, it's agents and servants, to Plaintiff's refusal to allow improper and illegal practice of the business due to Defendant's instructions to change the video machines in violation of the laws and guidelines.

71. That the aforesaid conduct of the Defendant, it's agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

72. That the aforesaid discharge of Plaintiff's employment by the Defendant, it's agent and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

73. That as a direct and proximate result of the aforesaid conduct of the Defendant, it's agents and servants, Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

## REQUEST FOR RELIEF

74. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

75. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.\

76. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/ J. Morgan Forrester*
J. Morgan Forrester, Esq.
Federal I.D. # 12126
Attorney for the Plaintiff
8086 Rivers Avenue
North Charleston, SC  29406
(843) 553-9800

Charleston, South Carolina
August 18, 2015.